Opinion of the Court, by
Judge Logan.
IN an action of trespass against Caldwell, upon the allegation that he had, or caused to be, tied to the tail of a certain horse of the plaintiff, large sticks of wood, and had so beat and caused the said horse to run as thereby to occasion his death. Upon the plea of not guilty, the plaintiff proved the death of the horse occasioned by the sticks which had been tied to his tail, and the confession of Caldwell, that his negro boy had tied sticks to the horse’s tail, the horse having frequently broken into his wheat-field. Upon being then informed by the witness that he had understood the horse had died from the abuse occasioned by the sticks which had been tied to his tail, Caldwell replied that he was glad of it.
Upon this evidence the counsel for the defendant moved the court to instruct the jury, that it was not sufficient to support the declaration.
Whereupon the court instructed the jury, that if they were of opinion, from the testimony, that the defendant had either directed or sanctioned the conduct of his servant in tying the sticks to the horse’s tail, or if he were present at the time, and did not prevent the servant from doing the same, that then, he, the defendant, was liable to the action. The jury found for the plaintiff $100 in damages, the value of the horse proved upon the trial.
The defendant also moved for a new trial upon these grounds: 1st, That the verdict was contrary to evidence; 2d, that it was against law; and 3d, that the court erred in the instructions to the jury. Which motion the court overruled, and the defendant upon this case has appealed to this court.
There is no point of difficulty in the cause. For whether the conduct of the slave was under the direction or sanction of the master, is not material; or whether the master’s direction or sanction thereof, is tested by his express command, or by his presence and not forbidding the act, or by other circumstances evincing his approbation, is equally immaterial. He is in either case liable. For the law is, if one agree to a trespass which has been committed by another for his benefit, this action lies against him, although it was not done in obedience *119 to his command, or at his request. Bac. Abr. 185, sect. 4, title Trespass. A fortiori ought the master of a slave to be liable in such case for the trespass of the slave.
Whether in point of fact the defendant had directed, or encouraged the slave in the commission of the trespass, was a question proper for the determination of the jury from the circumstances and evidence of the case; and with whose finding the court ought not to interfere, unless it was obviously and clearly unwarranted from the evidence and circumstances of the case. And surely in this case, there is no room for an inference against the finding of the jury. The circuit court, therefore, very properly overruled the motion for a new trial.
Judgment affirmed.